I have your honor. Good morning. May it please the court. I'm Dan Press. I'm here on behalf of Robert Mort Ranta, the appellant in this case. The issue in this case, or at least what we thought was the issue in this case before the court asked for supplemental briefing, is whether Social Security benefits, Social Security income must be included in the calculation of projected disposable income for a below-median debtor in a Chapter 13 plan. Why don't you tell us a jurisdictional basis before we get into that? I thought you might ask me that, Judge Agee. As this court held in the Dudley case, finality for purposes of appeal in a bankruptcy case is a substantially more relaxed standard than in typical civil litigation, where you file a complaint, nothing's really final, nothing really happens until there's a final judgment. In a bankruptcy case, it's different, and the court recognized that in the Dudley case. Why is it different? I'm sorry? Why is it different? What's the policy behind making it different, if it is different? Because issues are resolved, distinct issues are resolved in bankruptcy cases. The bankruptcy case isn't itself a litigation. There are litigations in the bankruptcy case, essentially. And denial of confirmation resolves the legal issues before the court. In this case, it was a final determination by the court that two things. One is that we had to contribute the Social Security income as part of projected disposable income, and two, that the plan wasn't feasible. And that concluded the matter. And that's why the Third Circuit and the Fifth Circuit, in the Armstrong case and the Bartee case, find that denial of confirmation is a final appealable order. So what happens if we were to decide it is not a final order? What happens to the debtor at that point? Well, if it's... And that's sort of a softball question. Okay, so what happens to this debtor is then, apart from the confirmation order that was entered in this case, let's assume that wasn't entered, what happens to the debtor is he has a denial, his plan is denied. He's free to file an amended plan that satisfies the court and get it confirmed. And we can try to do what the Eighth Circuit suggested, which is you have to file a plan, object to your own plan, have it confirmed over your own objection, and then... Appeal and ask the court to undo what you asked for. Correct. Which just doesn't make any sense. And I think the Eighth Circuit there was confronted with one panel decision that said it was not a final order, and in light of the bankruptcy appellate panel's ruling and the concurring opinion suggesting that they reconsider that, the panel had to do something, and the panel can't overrule prior panel precedents, so they created this methodology. But I don't think here in this court we don't have... We do have the Massey case. The Massey case is unpublished. The debtor would also have at least one other option. Right. Simply wait for the automatic order to take effect dismissing his case, lose the automatic stay, and file all over again. Correct. And start over. Correct, without an automatic stay. And, of course, the purpose of bankruptcy, and particularly in this case, is to get an automatic stay and to be able to cure the mortgage arrearages and so on. And if denial, if we have to go get the case dismissed, so his option is either pay more than we think he has to. And in many cases, in this case, because we're talking about money that essentially really is there because of the Social Security, he might be able to propose a confirmable plan and make the payments feasibly. But in most cases where there is a disposable income issue, it's not possible to pay more because you don't have it. So the debtor wouldn't be able to propose it. But the order, which is appealed from, is final. None of those things happen. If you determine that the order appealed from is final, none of those things happen. The court gets to reach the merits and decide the case. Now, I will point out that in this case, we're not dealing with that pure issue because we do have an order confirming the plan. And that order is a final order. That is a confirmation order. And I think that should cure any jurisdictional defect. I would like the court to reach the issue about appealability of denial of confirmation. But I think in this case you don't have to reach that issue because you can find that the subsequent confirmation order cures the lack of finality. It seems like there's a procedural problem of some significance there because your notice of appeal is very specific. It goes to the prior order. And there would at least be, in my mind, some question as to once that order was on appeal what jurisdiction the bankruptcy court had to enter further orders. Maybe it did, maybe it didn't. I haven't thought that through. But that's really, I mean, this other conditional order doesn't appear to me to be part of our record. Well, I, of course, added it as a supplemental appendix. But no, it was not part of the record at the time we filed the appeal. Technically, I think the record is... I believe the court can look at the entire record. This would be akin to a subsequent order or something making a case move. We would look at it. This doesn't make it move, but it would be similar to that. It would be similar to that. It's a subsequent matter, and I think it can be made part of the record if it's technically not at this point. But I think that does cure it. Well, this court could take judicial notice of that order, couldn't it? Absolutely, absolutely. And I think this court, the equipment finance group case that we cite in the supplemental brief does say that an entry of a subsequent order after a premature appeal does cure that finality issue. So I think this case is properly before the court, and I think the court can reach the merits and should reach the merits. If you don't have a question, you better move on. I'm sorry? I said if you don't have a question, you better move on. I'm doing that. So on the merits, the trustee and the court below refer to all these policy reasons why debtors should be required to pay everything they should into the plan. But this court doesn't look at policy reasons and construe statutes in light of public policy issues unless there's an ambiguity in the statute. And I submit here there is no ambiguity. And if I can walk the court through the statute, section 10110A of the Bankruptcy Code defines current monthly income. That's the term. Current monthly income is a defined term. And it expressly excludes Social Security. All income received by the debtor, blah, blah, blah, but not including Social Security. And then the term disposable income is defined in 1325A as with a starting point of being current monthly income. So the income side of the calculation starts with current monthly income. The confusion, and the trustee actually cites it in the brief, the confusion is that we then refer to the means test numbers from section 707 on the expense side if you have an above-median debtor. But the starting point is still current monthly income going to disposable monthly income when you subtract the expenses that are allowed. And the expenses are different for above and below-median debtors, but the income side of that analysis is the same. Starts with current monthly income, which excludes Social Security benefits. There is no ambiguity there. There's no ambiguity there. You would say, I assume, that since disposable income excludes Social Security benefits, that when you use the term projected disposable income, you simply take the disposable income definition and add on projected as an adjective. Correct. The Supreme Court in Hamilton v. Lanning addressed the issue of what projected disposable income means. And if there's no change, they say the starting point for projected disposable income is disposable income. Disposable income is a defined term. Projected disposable income is not. So they say the starting point is disposable income. And then they look to see if there is a change, a change that has occurred or is virtually certain. If there's no change, and there's no change alleged here, then disposable income and projected disposable income are exactly the same term. Projected doesn't change the category. It just means that's the guess or estimation. Correct. All you're doing is saying, okay, do we know of anything that's happened or that's going to happen that's going to change? In Lanning, it was a job change. Income actually went down. So do you know? In that case, it had already happened between the time the case was filed. Here, there's no change. The time of confirmation was exactly the same as it was at the time of the confirmation hearing was exactly the same as it was at the time we filed the case, the same as it was at the six-month window. No allegation of a change. So we're bound, I think, by the statute. But if that's not enough, then to bolster that, we look at Section 207 of the Social Security Act, which is 42 U.S.C. 407. Section 407 says, Social Security is not subject to bankruptcy process, period. It's excluded. And if that wasn't good enough, Congress went and, in 1983, because some judges were saying, well, it should still be included, Congress went back and said, we really mean it. They said, a subsequent change to the bankruptcy code does not affect 407A, can't be deemed to include Social Security income unless the amendment makes express reference to 407. And there's no notwithstanding Section 407, Section 207 of the Social Security Act, anywhere in the 2005 amendments to the bankruptcy code. Well, both the Bankruptcy Court and the District Court ended their opinion saying, well, the claim is not feasible without any further explanation. And the parties really didn't touch on that either. Did you shed any light on that? Sure. The confusion there, I think, is that feasibility in sort of, I think, traditional bankruptcy practice is, you know, you look at the disposable income. And before 2005, that was a pretty easy thing to do. The numbers were the same. But with the amendments, feasibility is really, you know, it's not, is there disposable income to make the payments? You know, it's simply the plan is feasible. The debtor is able to perform the plan. Well, if there's nothing that says the debtor can't voluntarily contribute Social Security benefits, exempt assets. I mean, debtors could fund a plan and make it feasible, for example, by taking money out of their 401K plan if they had to do that to be able to make the payments necessary to meet the other confirmation requirements of a Chapter 13 plan. They don't have to. They could use, but they can use exempt assets. They can use, you know, they can liquidate assets. They can use, and they can use Social Security benefits. What the trustee is arguing is, oh, well, if you use some, you've opened the door and you've got to use all, and there's nothing in the code that suggests that that kind of a requirement would be imposed. I mean, this plan, I assume, the debtor says, I'm going to pay X, and then he shows where X is coming from. Exactly, exactly. He says, I'm going to pay X dollars a month, and, you know, the question for feasibility is, does he have, looking forward, does the court find that he has the ability to make those payments? And there's nothing to suggest that, in reality, he doesn't have the ability. What the court did is said, well, but if we're not going to include Social Security, then you don't have the ability. Well, but he can include some of the Social Security, and, again, there's nothing that says, you know, gotcha if you include some, you have to include all. And I see my time's up, so the court doesn't have any further questions. I'll reserve my time for rebuttal. Thank you, Mr. President. Thank you. Ms. Choi. Good morning. May it please the Court, my name is Eva Choi, and I am appearing on behalf of the athlete, Thomas Gorman, who is also the Chapter 13 trustee in this case. Your Honors, this case is not about forcing a debtor to pay in his Social Security income toward his Chapter 13 plan payment. Rather, this case is about whether a below-median income debtor may selectively apply his Social Security income towards the necessary elements for plan confirmation and direct a bankruptcy court to only consider his Social Security income for feasibility purposes, but not consider his Social Security income for ability-to-pay purposes. And that is the issue on appeal right now, not forcing a debtor to contribute his Social Security income. Well, so tell us why we have jurisdiction to hear this case, because I understood your all's position to be that we did not. Yes, sir. Your Honor, respectfully, I don't believe the appellate court has jurisdiction because the order denying confirmation was an interlocutory order, and this court only has jurisdiction to hear appeals of final orders, which the denial of confirmation order was not. When the appellant appealed the order denying confirmation, he did submit a motion for interlocutory appeal, and in that motion he also admits that the majority view is that an order denying confirmation is interlocutory. Similarly, this court in the past in Massey has found that an order denying confirmation that also doesn't dismiss the case at the same time is not a final order for the purposes of appeal. And this court has also found in computer learning centers that a bankruptcy order that is not a final order under Title 28, Section 158A, is not a final order when the district court decides on it, and thus it is not an order that is reviewable by the court of appeals. So how is this case different from McDowell v. Dudley, which is where the trustee argued that a dismissal case was final for purposes of appeal and prevailed? Right. A dismissal order is a final order because that resolves an issue with finality. There's nothing more that the bankruptcy court can decide if the case is dismissed. How is that different from here, then? Because a denial of confirmation order, there's still more to be done. The debtor still has an opportunity to submit another Chapter 13 plan and can still continue in his case. There is more to be done in McDowell, too, to have the whole case administered. But in terms of whether or not the case is still pending, it was not pending anymore at the time of the dismissal order. Aside from the wrapping up the administrative matters, the case is completed at that point or closed. So in this case, a denial of confirmation order was not an order that ends the litigation in the case or even the debtor's opportunity to be in Chapter 13 as he could still propose additional Chapter 13 plans. Well, it would seem to, I don't want to belabor the point, but obviously if we don't have jurisdiction, then the rest of the arguments are moved because the court couldn't hear the case. But it would seem to be, contrary to the purposes of bankruptcy, to say that the Chapter 13 dismissal was not a final appealable order because it puts the debtor in the quandary at that point of either waiting for the order that the bankruptcy court enters and dismissing the case, which I think is universal across the country, or there's then an automatic dismissal of the case without any further action within 21 days. And then the debtor has to appeal that in order to try to rectify the error as the debtor sees it on his plan. In the interim, they've lost the automatic stay. So the house is gone, the car is gone, whatever. Or they can do what apparently the debtor did in this case, which is pay more money to counsel, take more time, propose an additional plan that the debtor doesn't believe in, wait for that plan to be confirmed by the court, then appeal to the court of appeal, to the district court, and ask that the confirmation plan that they had to propose then be overturned, which just seems to waste an awful lot of time and an awful lot of money for somebody who doesn't have much of either one. Yes, Your Honor. However, a debtor has other options as well. For example, if a case is dismissed, the debtor can ask for or move for a stay pending appeal, and provided that there's a likelihood of success and the motion meets other elements for a motion for a stay pending appeal, he could still retain the automatic stay in the interim pending appeal. And the whole process is very lengthy. But in this case, procedurally, the rule of the law is that the interlocutory orders are not reviewable by this court, unfortunately. But in the event that this court finds that there is jurisdiction to review the issue, the case at hand involves a low-median debtor who does receive Social Security income, but also receives some wages from himself and his spouse. While the Bankruptcy Code does not require an above-median income debtor to contribute all of their Social Security income toward their plan payments, that's simply not the case for below-median income debtors because oftentimes Social Security income is necessary to fund a plan. Is there language in the code that mandates specifically the inclusion of Social Security benefits? No, it does not. The Social Security Act specifically required that if there was going to be the access to Social Security benefits under any law. I'm sorry, could you repeat the question? Well, putting aside the definition in the Bankruptcy Code that excludes Social Security benefits, the Social Security Act says that Social Security benefits are exempt from attachment, they're exempt from levy, and there's another provision in that section of the Social Security Act that says if there's going to be an exception to that, then Congress has to say specifically that it is including Social Security benefits in order to get around what is otherwise the general exception. So that's why I was asking whether the Congress had said specifically in the Bankruptcy Code that in these provisions you were to include Social Security benefits. No, the Bankruptcy Code in Congress has not said that Social Security needs to be included. However, Section 407 under Title 28 or Section 207 of the Social Security Act is an anti-assignment provision of Social Security benefits. In other words, it focuses on the prohibition of third parties somehow either by garnishment or by other means taking the Social Security benefits from an individual who's entitled to them, whereas Chapter 13 bankruptcy is entirely voluntary. And for a below-median income debtor, there's another option, which is Chapter 7. And in that case, it's not a payment plan, it's a straight liquidation, and presumably a below-median debtor would not fall under the presumption of abuse and be able to stay in Chapter 7. But the reason why some below-median debtors opt for Chapter 13 is because there are additional benefits in Chapter 13 that are not available in Chapter 7. And in exchange for these additional benefits, debtors, whether above-median or below-median, agree to a payment plan to repay their creditors to the best of their abilities for whether it's three years or five years. And so the fundamental principle is that the honest but unfortunate debtor must try their hardest to repay their creditors within this time period for these added benefits. In this particular case, the below-median debtor has equity in his returns and is attempting to cure the mortgage for five years and retain his property, which is something he would not be able to do in a Chapter 7 case. So in exchange for that benefit, the bankruptcy system requires that this debtor contributes all his disposable income to the best of his ability and repay his creditors the best he can. And in this case, because a significant portion of his income is Social Security benefits, because these benefits are necessary to make a plan work, to fund a plan, the trustee's position is that these benefits should come in as disposable income to fund this plan. Now, if the debtor argues that the Social Security benefits are completely exempt from the bankruptcy process, then the trustee's position is, okay, then all of it goes out, then all of it is exempt, which in that case, the plan is not feasible. It doesn't make sense to allow a below-median income debtor who happens to have a significant portion of his income that is Social Security benefits, be allowed to tell a bankruptcy court, I am going to pay X amount a month, and because a majority or a significant portion of my income is Social Security benefits, I can essentially choose my own payment, and the bankruptcy court is powerless to hold that debtor to the same standards of every other debtor that comes before his court. I assume the debtor's rejoinder to that would be, well, the Congress has spoken clearly in the Bankruptcy Code and the Social Security Act, so that's a policy argument that would need to be made before Congress. Right, but when a debtor is in Chapter 13, it's entirely voluntary. He doesn't have to be in Chapter 13 and thus not contribute his, involuntarily pay his Social Security income to a Chapter 13 plan. He has every right to retain those benefits as mandated by Congress, but he just won't be able to obtain the relief Chapter 13 may provide him. But the problem is, Joy, is that in order for the penalty for exercising that exemption, which is clear in the statute, is that you punish, he's being punished. Well, no, because... In other words, that's what you said. If you want to exercise your exemption and not put it in the plan, then none of it goes, and then you can't use it to voluntarily pay this feasibility either. Well, presumably if a debtor is in Chapter 13 and he has the intention, the honest intention of repaying his creditors, and the majority of his income is Social Security benefits, then presumably he is willing to contribute all types of income, including Social Security. And this is not targeted towards Social Security. It just happens to be that this specific debtor's significant portion of his income is Social Security benefits. However, this isn't a requirement of the debtor to contribute all of his Social Security income. It's just that in this case, he has to, he has to fund a plan that will cure the mortgage urges, that will pay the creditors that he has scheduled under his Chapter 13 plan. And so it's not a punishment because Chapter 13 is voluntary, and the reason why a below-median income debtor would opt for Chapter 13 is because of the benefits. And in exchange for these benefits, the bankruptcy system asks the debtor to repay his creditors to the best of his abilities. And if we were to make an exception for debtors who have Social Security income and say that they are allowed to contribute as much or as little as they wish, then it creates an inequity across the system where perhaps a similarly situated debtor who happens to receive all his income from wages, but same income level, that debtor would be held to the standards of Section 1325A and B, which requires that debtor to contribute all of his disposable income toward plan payments, whereas in this case, simply because the below-median income debtor has Social Security benefits, the bankruptcy court has, the appellant would argue the bankruptcy court has no power to tell him that he must contribute all his disposable income toward plan payments or repay creditors to the best of his ability. But Social Security is just different, and for the moment it's still an entitlement. Right, and the trustee's position is not saying that it's not an entitlement or it's not exempted. It's just that if in Chapter 13 where it's a voluntary situation, the debtor voluntarily files a petition to be in a voluntary repayment plan, and presumably the debtor will voluntarily contribute his income toward plan payments. He is volunteering, but he's volunteering at a point where you, on the feasibility side, that's his option, that's what he's saying. I am going to use it, but for feasibility purposes, it's going to be available. But in terms of requiring me, I'm going to avail myself of the congressionally awarded exemption. Right, so... It's not inconsistent, it's just using the law as people do and should do, shouldn't they? That is the way the law stands. However, that would, again, create an inequity across all debtors. It's like saying that... You're making a fairness argument now, right? Yes, I am making a fairness argument because there's nothing in the Social Security Act or the Bankruptcy Code that creates a special class of debtors. For debtors who receive Social Security income, there's no special class of debtors where they are exempt from meeting the requirements necessary for plan confirmation simply because they have Social Security income. There's nothing in the Bankruptcy Code that says there's a special class of debtors. And I would argue that every debtor, regardless of their source of income, should be held to the same standard, which is the good faith standard, the honest intention to repay their creditors in Chapter 13. And in this case, again, it just happens to be that this debtor's... Obviously, a person petitioning on Chapter 13, you couldn't require them to put their adult children's income in there, could you? Could the trustee require a debtor to put their adult children's income? Yeah, in their first calculus in terms of current income and disposable income, could you? Well, I mean, if the adult children are living apart in the house... They live in San Francisco and he or she lives in New York. They're independent there, but they're children, they're adults. Could they force that? No. They couldn't, all right? Could the Bankruptcy, in terms of feasibility, my children are going to voluntarily give me $5,000 a month and I'm going to use that sum to pay this off? Yes. Is that unfair? No, it is not. It's the same thing, isn't it? No, it's not. Why not? Because the amount that the hypothetical debtor is requesting from, say, his children, those funds are from a third party who's, in the scope of the Bankruptcy, is unrelated. These are not the children's debts. The children are not responsible for... In Virginia, children are responsible for helping their parents, unless they've been emancipated and paying their debts. Did you know that? Right. I think that's a little bit different than helping fund a Chapter 13 plan, where a debtor is... That's a parent in need. They're in Bankruptcy. They're trying to save their home. I think that if I was... My parents are deceased, but if my parents need to save their home, I consider that to be a very, very acute need of my parents. Right. But in terms of being required to do so, they are not. In the Chapter 13 context, they are not required. Similarly, he's not required to use his Social Security benefits either, but he's volunteering to do so. But in the case of the Social Security benefits, the debtor is actually the one who's entitled to that income, who actually receives this income, whereas in the case of the children, he is requesting a child who is not related to the Bankruptcy, who is earning wages outside of the scope of the Chapter 13 case. So in sum, the trustee would ask this court to consider not just the specifics of this case, but the fairness aspect that would affect the entire Bankruptcy system, because allowing a below-median income debtor to basically pick his plan payment runs afoul of fundamental principles of the Bankruptcy process. And while the Social Security Act and the Bankruptcy Code allow above-median debtors to expressly exclude their Social Security income, it's not the case for below-median income debtors. And there's nothing in the Code that creates a special class of debtors for those who receive Social Security income. And for those reasons, the trustee respectfully asks this court to affirm the District Court's order as well as the Bankruptcy Court's order. This is only tangentially related. Do you know, and you may not, if the U.S. trustees nationally take this position with regard to the Social Security benefits? I do not know the answer to that question. Thank you, Ms. Choi. Mr. Press, you're reserved some time. Yes, thank you, Your Honor. Let me say this. While I might prefer that the three of you, instead of Congress, would make laws of this country, Congress is given that responsibility. Your job is to interpret them, of course. And in this case, I don't see any room for interpretation. Let me first make sure we're all clear. I think counsel is confused about the Dudley case. Dudley case was not a dismissal. Dudley was a denial of a dismissal. And it was found to be final for purposes of appeal by this court. Counsel, I was counting, counsel used the term to the best of their ability, to the best of his ability, or as to the best he can, four times, and said that that's the requirement in Chapter 13. It has to pay to the best of his ability. That is not in the code. There are all kinds of things in the bankruptcy code that say the debtor doesn't need to pay it in, even though he can. Exempt property. If I had to pay all my creditors to the best of my ability, I would have to give up all my exemptions. I would have to hand over my household goods, my car, my homestead, all of those things that are exempt. If I was going to pay my creditors to the best of my ability, I would have to give that up. And I would have to give up Social Security. But that's not what the code says. It's exceptions to paying to the best of your ability. Exemptions are, and the exclusion of Social Security is. That was a decision, a policy decision made by Congress. It's not up to this court or the bankruptcy court or the trustee to dispute. If they don't like that, the First Amendment gives them a right to petition Congress, and they can feel free to do that. As far as it being a voluntary plan, of course, it's voluntary. The debtor could let his house get foreclosed. If he elects Chapter 7, it's voluntary as well. If the debtor elects to proceed under this chapter, then we comply with the terms of Chapter 13. And as far as voluntary, the Hartford Underwriters v. Union Planners case from the Supreme Court, I think, shoots down any argument that voluntarily doing something affects the exclusion of Social Security from being considered. Finally, counsel talks about how, well, below-median income debtors aren't subject to the same standard. What she's saying is that if you're above-median, yeah, we don't count for Social Security. You're already making more money, and then we're not going to consider your Social Security so you can have even more. But if you're below-median, if you're a poor person, then not just as a practical matter to make your plan feasible, but as a legal matter to pay to the best of your ability, you have to kick in your Social Security. Even if this court were going to consider policy, is that really the kind of policy that the court wants to consider, that we're going to punish poor people? That's what she's suggesting, and that is wrong, and that's not what Congress required. The starting point for projected disposable income is disposable income is current monthly income, which excludes Social Security. My time is up. Thank you, Your Honors. Thank you, Mr. Preston, Mr. Choi. We're going to come down to the Greek Jew, and we're going to proceed to our next case. Thank you.
judges: Roger L. Gregory, G. Steven Agee, David A. Faber